IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| BENJAMIN D. WILLIAMS and <br> NICOLE M. KOCH, <br><br> Plaintiffs, <br> v. <br><br> DAREN ADKINS, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 26-06037-CV-SJ-BP |

## ORDER (1) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND (2) DIRECTING PLAINTIFFS TO SHOW CAUSE WHY CERTAIN DOCUMENTS SHOULD REMAIN SEALED

Plaintiffs Benjamin Williams and Nicole Koch, who are proceeding pro se, have filed a Complaint alleging violations of their civil rights. Among the Defendants are state judges, police officers, individuals working for Children's Services, at least one Guardian ad Litem, the City of Chillicothe, and Livingston County. Now pending is Plaintiffs' Motion for Temporary Restraining Order, ("TRO"), which is **DENIED**.

The nature of Plaintiffs' claims is not entirely clear, but they refer to (1) prior criminal cases filed against them in Livingston County and (2) upcoming hearings in juvenile court and probate court in Livingston County. The Court takes judicial notice of the criminal cases; the information has been obtained from Missouri's online system for accessing court records (Case.Net).[1]

In June 2023, Plaintiffs were charged with, among other things, four counts of first degree endangering the welfare of a child. In September 2023, Williams pleaded guilty to one count of first degree endangering the welfare of a child; the other counts were dismissed. In November

---

[1] The case numbers are 23LV-CR00171-01 and 23LV-CR00172-01.

2023, he was sentenced to seven years in prison, but execution of the sentence was suspended and he was placed on probation for five years. Koch pleaded guilty to the same charge in December 2023 (with the other charges dismissed); in March 2024 imposition of sentence was suspended and she was placed on probation for five years.

In both their Complaint and their Motion for TRO, Plaintiffs refer to upcoming hearings in juvenile court (set for March 2, 2026) and probate court (set for March 9, 2026). Those cases cannot be found on Case.Net, likely because they involve minor children (and juvenile cases are frequently not publicly accessible in any event). The Amended Complaint describes the case on probate court as a guardianship proceeding. These and other allegations demonstrate those hearings are related to Plaintiffs' criminal cases, likely because they involve the child(ren) involved in those prior cases. This connection is further established by Plaintiffs' explanation for some of the relief they seek; among other things, they ask the Court to enjoin those hearings and bar the use of any evidence obtained from the search warrants that led to their criminal charges because they believe those warrants should not have been issued. They also ask the Court to order that different judges be assigned to hear those cases.

Plaintiffs' Motion is denied because it seeks relief the Court cannot grant. Federal courts generally cannot enjoin (1) state criminal proceedings or (2) civil proceedings that are similar to criminal prosecutions. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013) (Summarizing the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971)).[2] Juvenile court proceedings, including those addressing parental rights, are subject to this prohibition. *E.g.*, *Sprint Commc'ns*, 571 U.S. at 79 (citing *Moore v. Sims*, 442 U.S. 415 419-20 (1979)); *Brown v.*

---

[2] *Younger* represents a limit on a federal court's power, so the Court of Appeals has approved decisions by district courts raising *Younger* abstention even when the parties did not. *E.g.*, *Ashford v. Office for Counsel for Discipline*, 805 Fed. App'x 446 (8th Cir. 2020); *Curd v. City of Searcy, AR*, 739 Fed. App'x 359 (8th Cir. 2018); *Geier v. Missouri Ethics Comm'n*, 715 F.3d 674 (8th Cir. 2013).

*Arkansas Dep't of Human Servs.*, 452 Fed. App'x 690, 692 (8th Cir. 2011); *Amerson v. State of Iowa*, 94 F.3d 510, 512 (8th Cir. 1996). *Younger* also forbids a federal court from enjoining "orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns*, 571 U.S. at 73. This category of cases and orders focuses on the "institutional" interest of allowing state courts to operate; examples include orders related to contempt proceedings and posting bond pending appeal. *375 Slane Chapel Road, LLC v. Stone Cnty, MO*, 53 F.4th 1122, 1127 (8th Cir. 2022). Here, Plaintiffs request an Order (1) enjoining whatever orders or procedures resulted in the cases being assigned to the judges presiding over them and (2) requiring the state courts to reassign the cases to different judges. They also ask the Court to issue rulings regarding how those hearings should be conducted. Such directives would interfere with the state courts' ability to perform judicial function and are prohibited by *Younger*.

The relief sought by Plaintiffs' Motion for TRO cannot be granted. Therefore, the Motion, (Doc. 2), is **DENIED**.

In addition, the Court observes that Plaintiffs filed certain documents under seal; specifically, (1) a copy of the search and arrest warrants (and documents related to them) and (2) the Motion for TRO (to which the warrants and associated documents are attached). Plaintiffs did not seek permission to have the documents filed under seal, and the Court's review reveals no reason for them to be sealed. Plaintiffs shall have 14 days to respond to this Order and explain why these documents should remain sealed.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
DATE: February 28, 2026                UNITED STATES DISTRICT COURT